## KELLEY v. PEACOCK.

### [76 South. 547, Division B.]

BROKERS. *Realty brokers. Right to commission.*

Where a landowner contracted in writing with a broker to sell certain of his lands at a named price and agreed to pay the broker a commission of five per cent. on the amount "for which the above property may be sold during the time such property may remain with him" and the broker, during such time, procured a purchaser at a greater price, who bought the land; in such case the owner was liable to the broker for five per cent. upon the price the lands were actually sold for.

APPEAL from the circuit of LaFayette county.
HON. J. L. BATES, Judge.
Suit by J. D. Peacock against A. T. Kelley. From a judgment for plaintiff, defendant appeals.

*H. H. Creekmore,* for appellant.

It will be readily perceived that the contract as made by Kelley with the purchaser Owens (which according to all the testimony was the only contract that Owens ever agreed to make with Peacock for Kelley) was entirely different to the terms of sale provided for in the option contract. It may have been a better contract, or it may have been a worse contract, nevertheless it was entirely different. This being true, Peacock cannot recover any commissions, because he has not complied with the terms of the contract under which he claims the commissions. *Everman* v. *Herndon,* 71 Miss. 823.

On the authority of the *Everman case, supra,* we asked for a peremptory instruction in the lower court and made a motion therefor, which is found on page 30 of the transcript. But this motion was overruled and the court refused our peremptory instruction.

While the nominal price of the land, under the contract made by Kelley, was thirteen hundred dollars more than the price named in the option, yet he got a very much less sum of money in cash and had to carry the balance for four years at six per cent interest while under the option contract he would have had to carry a less balance two years and at ten per cent interest per annum. This makes a very material difference in the contracts, and Peacock not having performed or offered to perform according to his contract which he sues on, nor having procured a purchaser willing to buy under the terms of that contract, cannot recover.

As will be seen from a reading of the contract, it was simply one appointing Peacock as agent to sell the land, and by the terms of the contract there was no consideration and it was wholly binding on Kelley and not binding at all on Peacock. This being true, Kelly was at liberty to ignore the contract and sell the land himself. *Kolb* v. *Bennett,* 74 Miss. 567; *Stigler* v. *Jaap,* 83 Miss. 351.

We earnestly insist, however, that on the authority of the Everman case, heretofore cited, and the indisputable fact that there is no identity between the option contract and the contract of sale, the judgment below should be reversed and final judgment entered here for the appellant.

*Falkner, Russel & Falkner,* for appellee.

We contend, in the case at bar, that Kelley is held and firmly bound for two reasons: First, that whether or not the written "option" existed was a question of fact settled by the jury. Peacock affirmed it existed, produced the document and Kelley attempted to prove that it had been rescinded. Second, the "option" shows upon its face a valid consideration—that is, it shows that Kelley would do a certain thing to wit: make deed to Peacock or any one he might name, stating description of property, manner of cancelling his promise—"sixty days written notice," considerations, etc., and further, that

if the land were sold at all while in Peacock's hands, five per cent commissions should be allowed. It is too plain for dispute that Peacock did bring a buyer and the sale was made. Was the deal any longer subject to unilateral attacks? Was "mutuality" any longer lacking? Surely not.

But appellant says that by virtue of *Everman* v. *Herndon, supra,* that Peacock cannot recover because, being a "special agent" with a "special contract," unless the terms were strictly carried out, Peacock must lose. Appellant forgets that there is such a thing as "waiver" on the part of a party to the contract. We respectfully submit that upon the entire facts shown on both sides that Kelly waived any "terms" stated in his written proposition to Peacock. The increased consideration of one thousand and fifty dollars, an increase from seven thousand two hundred dollars to eight thousand two hundred and fifty dollars shows that Kelly was not hurt.

Therefore, we think the proof makes it clear that the written "option," if one perfers to so name it, became a completed contract the very moment Peacock brought the buyer, Owen, to Kelley. Under all the decisions and in justice and right, Kelly owed Peacock for his services. Why not take the written contract, certainly a completed contract when the buyer bought the land, as the guide to the damages sustained by Peacock? If that is a guide then the jury made one mistake and one only; they should have given the five per cent on the sale price of eight thousand two hundred and fifty dollars and added to that the difference between the "option" of seven thousand two hundred dollars and the sale price of eight thousand two hundred and fifty dollars.

Therefore, we believe that the principles laid down in the cases relied upcn by the appellant, to wit: *Kolb* v. *Bennett; Stingler* v. *Japp,* and *Everman* v. *Herndon,* serve more to show the fallacy of appellant's contention than they do to support same; the law as to unilateral

contracts; contracts without mutuality; contracts wherein an agent is given only special powers are A. B. C. in the law; they are so well understood, in principle, that they are easily understood. But we say that the Kolb case, especially both in the opinion and briefs of counsel, make it very clear that this case is good authority for appellee and is in the face of appellee's contention on the facts. *Jaune* v. *Drake,* 41 So. 372, is along the same line as the Kolb case—it does not conflict with the case at bar. *Robert* v. *Kimmons,* 65 Miss. 332; *Welch* v. *Lawson,* 31 Miss. 170; *Stevenson* v. *Morris Machine Works,* 69 Miss. 232; *Vicksburg Waterworks Co.* v. *Guffy, etc., Co.,* 86 Miss. 60; *Roberson* v. *Cloud,* 47 Miss. 208; *Friedlander* v. *Pugh Slocum & Co.,* 43 Miss. 111; Cyc., page 333; 9 Cyc., page 334.

In conclusion let us say that the entire three cases cited by appellant, as we view them, are more against appellant than they are for him. Upon the state of facts stated in these cases, they state the law; but we insist, that the case at bar is a very different case from any of these. There was consideration, "mutuality" and complete and full performance; as far as he could, he fully performed his whole contract and, more, Kelley, appellant, received the full benefit of Peacock's labors and now refuses to pay one cent for same. The law is not thus. Justice and right was reached in this case—there is but one defect in the verdict and judgment; it is far too small amount. Of this, appellant should congratulate himself; certainly he cannot here complain. We insist that appellant waived any and all "terms" of his contract with Peacock and that Peacock was entitled to have the jury pass on both the five per cent damages and the difference in the option and the sale price.

We respectfully submit that this case should be affirmed.
Cook, P. J., delivered the opinion of the court.

This is an appeal from the circuit court of LaFayette county from a judgment in favor of the appellee in the

sum of five hundred and ten dollars, which judgment was rendered at the September, 1915, term of said circuit court.

The case arose over a sale of land belonging to the appellant, the appellee claiming to have an option contract with the appellant, and that he had procured a purchaser for the land at a price of thirteen hundred dollars in excess of the price named in the option, and that he was entitled to recover the sum of thirteen hundred dollars, plus three hundred and sixty dollars representing five per cent commission on the option price, making a total of one thousand six hundred and sixty dollars.

The option claimed by the appellee, and upon which his suit was based, is as follows:

"In consideration of the sum of one dollar cash, and services to be rendered, I hereby agree to sell to J. D. Peacock, or such person as he may name when requested, the following property: My place containing four hundred and eighty acres, lying five miles North of Water Valley, in LaFayette county, Miss., known as the Kirkwood place, improved as follows: five houses, two barns, three hundred acres open land, two hundred cultivated, balance in pasture with forty acres in bermuda—at and for the price of seven thousand two hundred dollars, one-half cash and balance in two years at ten per cent interest. This contract is to continue in full force and effect until I shall have given sixty days' notice in writing terminating it. And I authorize the said J. D. Peacock, by his attorney or manager, to bind me by contract of sale of said land on above terms, as my sole agent until this authority is terminated above.

"I further agree to pay to the said J. D. Peacock a commission of five per cent. on the amount for which the above property may be sold during the time said property may remain with him.

"[Signed] A. T. KELLEY.

"Witness: ETHEL WOOD.
"December 12, 1908."

To the declaration appellant, defendant below, pleaded that the contract sued on had been rescinded by mutual consent of the parties; that the contract was without consideration; that appellee had not sold the farm under the terms of the contract; and that the sale was made by appellant; and that this sale was not identical with, nor did it carry out the terms of, the contract sued on.

On the issue that the contract had been rescinded before appellant sold the land, the evidence was in sharp conflict, and the jury having rendered a verdict for plaintiff, the conflict was resolved against the defendant.

Appellant earnestly contends that *Everman* v. *Herndon,* 71 Miss. 823, 15 So. 135, is decisive of this case; that the plaintiff did not sell the land, but the land was sold by appellant and for a greater price than the contract price named in the option contract given to appellee.

We are unable to see any similarity between the case of *Everman* v. *Herndon, supra,* and the instant case. The Everman Case was a suit for the specific performance of a contract, and the court merely held that the contract performed by the complainant was not identical with, nor did it carry out the terms of, the contract sued on. The contract in the present case is a typical contract between a landowner and a real estate agent, whereby the minimum price is agreed upon, and the commissions which the agent is to receive if he sells, or is instrumental in bringing about the sale.

The plaintiff's evidence tended to prove that he brought the owner and the buyer together, and that the owner sold the land because of the work of the plaintiff. True the sale actually made was for a greater sum than the price fixed in the contract, but it is also true that appellant agreed to pay appellee "a commission of five per cent. on the amount for which the above property may be sold."

The foregoing part of the contract fixed the amount for which the owner agreed to sell, and it seems to us that appellant is not in a position to claim that he owes appellee nothing because he received a greater sum of

money than he was willing to take for his property when he entered into the contract with the agent. "The laborer is worthy of his hire."

The jury found the facts in plaintiff's favor, but we think the verdict was for too much. The verdict was for five hundred and ten dollars, when the verdict should have been for four hundred and twelve dollars and fifty cents, this being five per cent. of the amount which appellant received for his land.

If appellee will remit the excess, the case will be affirmed at appellee's costs; otherwise the case will be reversed, and remanded for a new trial.

*Affirmed conditionally.*